IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:13CR425CDP |
| RAKEIA TWIGGS | ) ) ) |
| Defendant. | ) ) |

## **SENTENCING MEMORANDUM**

Comes now defendant Rakeia Twiggs, by and through her attorney Assistant Federal Public Defender Felicia A. Jones, and files this Sentencing Memorandum in Support of her in support of her sentencing before the Court.

Ms. Twiggs has struggled to gain a sense of self-worth. She and her siblings were given up by their mother and were raised by her grandmother who struggled to provide for their needs. Her present offense arose from a combination of factors, among them Ms. Twiggs' low self-esteem and the emotional and financial strain of being the sole provider for her young son. She now faces a sentence of imprisonment for a felony and was previously placed on probation for a prior misdemeanor.

Ms. Twiggs has a Criminal History Category of III and a guidelines sentencing range of 12 to 18 months. The guidelines range falls within Zone C. The Court may consider a combination of placement in a treatment center, home

detention or a sentence of imprisonment. Ms. Twiggs has been incarcerated since September of 2013.  A sentence that would grant her credit for the time she has been incarcerated and either home confinement or placement on supervision by the United States Probation Office would be sufficient but not greater than necessary to satisfy Section 3553(a)'s purposes.

Ms. Twiggs pled guilty to a one count indictment involving her receipt of funds from the federal government based upon fraudulent claim for lost wages. Ms. Twiggs has no objection to the Pre-Sentence Investigation Report which correctly applies the sentencing guidelines.  Ms. Twiggs accepted responsibility for her role in the offense and is eager to repay the funds she obtained.

Ms. Twiggs was raised by a loving grandmother after she and her siblings found themselves forced to leave their mother's custody due her inability to care for them.  She and her siblings were fortunate to avoid being placed in foster care.  Her grandmother was able to provide for their basic needs, but she worked full time as a teacher and Ms. Twiggs and her siblings had little contact with their mother. Her father was absent from her childhood. He provided no financial or emotional support to her or her brothers.

Ms. Twiggs found herself on her own at a young age and has always worked to support herself. One of her brothers has struggled and is currently incarcerated in the Bureau of Prisons.  During periods of unemployment, her father would sometimes assist her and her son in recent years. They have sought to establish a relationship since she became an adult. She has held a variety of jobs, working in

a factory making hardwood floors. She has also worked in the hospitality field working at various hotels. Ms. Twiggs has at times attended classes to earn a certificate as a medical assistant and hopes to pursue this vocational interest in the future.

Ms. Twiggs's greatest joy in her life is her young son who is nine years of age. Her greatest regret concerning the instant offense is the time it has taken her away from her son. She has been very fortunate to have a friend who has taken her son in and has made sure he is well cared for and attending school. Ms. Twiggs realizes the negative impact her incarceration has had on her son. She is eager to return to her son and resume primary care for him. She does not have any family members she can entrust with the responsibility of caring for her son. She has had to rely on her close friend and realizes the burden this has placed on her.

The devastating consequences children suffer from having a parent incarcerated is a factor for consideration under Section 3553(a) analysis. This may be considered by the Court in a case where the defendant has a child. An incarcerated parent places great strain on the child and the caregiver as well. The uncertainty of when a parent might return to a child has lasting effects.

Until her involvement in the present offense, Ms. Twiggs's contact with the criminal justice system has been for misdemeanor offenses. Her minimal criminal history shows that a lengthy term of imprisonment is not necessary to protect the public or deter future criminal conduct. Supervision by the United States

Probation Office would assist her and provide resources for learning important life skills to put her on a career path. She would also greatly benefit by obtaining counseling to assist her in maintaining a life free from marijuana abuse which she has had some difficulty with over the years.

For the foregoing reasons, the defendant respectfully requests that the Court grant her credit for the time she has already served and place her under supervision by the United States Probation Office.

Respectfully submitted,

/s/Felicia A. Jones
FELICIA A. JONES
Assistant Federal Public Defender
1010 Market Street, Suite 200
St. Louis, Missouri 63101
Telephone: (314) 241-1255
Fax: (314) 421-3177
E-mail: Felicia_Jones@fd.org
ATTORNEY FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 30, 2014, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Diana Collins, Assistant United States Attorney.

/s/Felicia A. Jones
FELICIA A. JONES
Assistant Federal Public Defender